**STATE OF WEST VIRGINIA**

**FILED**

**June 6, 2024**
released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Kristin L. Hunnicutt,**
**Defendant below, Petitioner**

**v.) No. 22-0434** (Randolph County 22-C-15)

**Susan H. Hunnicutt,**
**Plaintiff below, Respondent**

**MEMORANDUM DECISION**

Petitioner Kristin L. Hunnicutt appeals a circuit court order denying her motion to dismiss a complaint filed by Respondent Susan H. Hunnicutt.[1] After examination of the briefs and record, and considering the parties' oral arguments, we find that the circuit court's order was interlocutory and not subject to appeal. Accordingly, we dismiss the petitioner's appeal.

The petitioner and the respondent are sisters whose parents divorced in 1963. When their mother died in 1988, she left the two sisters land that she owned in Randolph County consisting of an undivided one-half share of 200 acres of land. The land, which is difficult to access, was allegedly covered in timber. The respondent's complaint asserts that the petitioner, without the knowledge or consent of the respondent, entered into a contract in 2010 to have the entire 200 acres timbered. The owners of the other one-half interest joined the petitioner in signing the contract, and the timber company paid the petitioner $152,426 for half of the timber on the property. The contract specified that the timber was to be removed within two years.

In September 2012, the parties' father died, and the petitioner was named as trustee of the father's trust. However, in December 2014, the respondent sued the petitioner in federal court asserting that the petitioner had, among other things, breached her fiduciary duties regarding the trust.[2] The respondent demanded an accounting and that the petitioner be removed as trustee.

On May 18, 2015, the petitioner and the respondent entered into a settlement agreement of the trust lawsuit. The agreement contained a "Global Release" clause whereby respondent released petitioner "from any and all claims . . . of any kind or character, whether now known or unknown . . . which [respondent] has or may have . . . from the beginning of the world through" May of 2015. Additionally, the settlement agreement contains a clause entitled "Mandatory, Binding, and Final Alternative Dispute Resolution; Waiver of Jury Trial; Venue." This clause applies to any

---

[1] Petitioner appears by counsel Jason D. Bowles, Megan L. Southern, and (on brief) Allison J. Farrell; respondent appears by counsel Jonathan G. Brill, John D. Athey, and Duke A. McDaniel.

[2] *See generally*, *Susan H. Hunnicutt v. Kristin L. Hunnicutt*, Case No. 1:14-CV-01666-TSE-MSN (E.D.Va.).

dispute "arising from, related to, or in connection with this Agreement, including . . . any breach or alleged breach thereof, and/or the construction or interpretation of the terms thereof[.]" Finally, the alternative dispute resolution clause requires the parties to submit to two days of "mandatory participatory or in-person mediation in Fairfax County, Virginia." If that mediation does not fully resolve the parties' dispute, then the dispute "shall be required to be submitted to mandatory, binding, and final arbitration[.]"

In 2021, the respondent contends that she first learned of the 2010 contract signed by the petitioner to remove the timber from the 200 acres of land. In January 2022, the respondent filed the instant case against the petitioner for timber trespass.[3] The respondent alleged that she was joint owner of a one-half interest in the land and the timber, yet the timber was knowingly and intentionally cut down, removed, and destroyed without her permission.

The petitioner moved to dismiss the respondent's complaint. The petitioner asserted three grounds for the motion. First, the petitioner contended the respondent failed to state a claim under Rule 12(b)(6) of the West Virginia Rules of Civil Procedure, because the parties' 2015 settlement agreement released the petitioner from all claims, known or unknown, from the beginning of the world through 2015. The respondent countered that the timber dispute was not within the contemplation of both parties when the 2015 settlement agreement was executed. *See* Syl. pt. 2, *Conley v. Hill*, 115 W. Va. 175, 174 S.E. 883 (1934) ("A release ordinarily covers only such matters as may fairly be said to have been within the contemplation of the parties at the time of its execution."); Syl. pt. 1, *Cassella v. Weirton Const. Co.*, 161 W. Va. 317, 241 S.E.2d 924 (1978) ("A release is construed from the standpoint of the parties at the time of its execution. Extrinsic evidence is admissible to show both the relation of the parties and the circumstances which surrounded the transaction."). Second, the petitioner alleged the respondent's claim was barred by the statute of limitation because she knew or should have known of the timbering well before 2021. Third and finally, and relevant to this appeal, the petitioner made the claim that the complaint had to be dismissed because the 2015 agreement contained an arbitration clause that stripped the court of subject matter jurisdiction.

In a brief, two-page order dated May 5, 2022, the circuit court denied the petitioner's motion to dismiss. Because the issues raised in the motion to dismiss were all fact-contingent matters, the circuit court stated that its ruling "shall not be construed to preclude any party from filing a subsequent, dispositive motion as the case is more fully developed through the discovery process." The petitioner now appeals the order.

The petitioner asserts that the circuit court erred because a valid, enforceable arbitration agreement exists between the parties, that the parties' dispute falls within the scope of the arbitration agreement, and that any question regarding the interpretation of the arbitration agreement should itself have been referred to arbitration. "[O]rdinarily the denial of a motion to dismiss is an interlocutory order and, therefore, is not immediately appealable." *Ewing v. Bd. of Educ. of Cnty. of Summers*, 202 W. Va. 228, 235, 503 S.E.2d 541, 548 (1998). However, this Court has often said that "[a]n order *denying a motion to compel* arbitration is an interlocutory ruling

---

[3] Respondent also filed suit against Inter-State Hardwoods, Inc., the company that timbered the land; and against Larry S. Barger, the forester who arranged the timber sale.

which is subject to immediate appeal under the collateral order doctrine." *Credit Acceptance Corp. v. Front*, 231 W. Va. 518, 745 S.E.2d 556 (2013) (emphasis added).

In our review of the record below, we find no motion by the petitioner seeking to compel the respondent to participate in arbitration. Instead, the petitioner only asked the circuit court to dismiss the respondent's complaint, citing a "lack of jurisdiction and improper venue" because of the mere existence of the arbitration clause.

Moreover, the parties' 2015 agreement does not contain a pure arbitration clause, but rather contains an alternative dispute resolution clause requiring invocation of two days of mediation; only if the mediation fails may the parties seek arbitration. Nothing in the record suggests either party sought mediation, so by its own terms the arbitration clause is contingent and inoperative until mediation is completed. "Arbitration is a matter of contract and consent, and . . . disputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Coinbase, Inc. v. Suski*, 602 U.S. ___, ___, 144 S. Ct. 1186, 1191 (2024). Hence, "a trial court cannot compel arbitration when the provision requires the parties to mediate before arbitration. To do so would frustrate the parties' original intent clearly expressed in the agreement." *Amir v. Int'l Bank of Com.*, 419 S.W.3d 687, 692 (Tex. App. 2013) (citation omitted). *See also Tyrrel v. Maskcara Indus., Inc.*, 438 F. Supp. 3d 1279, 1287-90 (D. Utah 2020) ("Mandatory provisions like these have been held to impose mediation as a condition precedent to arbitration, meaning that the right to arbitration does not arise until the condition has been satisfied. The arbitration and mediation provisions are not severable but part of an integral dispute resolution process. Because the condition of completion of mediation . . . has not been satisfied, Maskcara has no enforceable right to arbitrate the parties' dispute unless that failure is excused."). The petitioner also has failed to direct us to any law placing mediation agreements on the same legal footing as arbitration agreements under either federal or state law. *See* 9 U.S.C. § 2 (operative provision of Federal Arbitration Act); W. Va. Code § 55-10-8(a) (operative provision of the West Virginia Revised Uniform Arbitration Act).

Accordingly, we conclude that the circuit court's May 5, 2022, order was interlocutory and was, therefore, not a final order subject to appeal. *See generally Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Westlake Chem. Corp.*, ___ W. Va. ___, 900 S.E.2d 1 (2024) (finding orders denying summary judgment are not final judgments and not subject to appeal). Thus, this Court lacks subject matter jurisdiction to determine the merits of the issues raised by the petitioner, so the appeal must be dismissed.

Dismissed.

**ISSUED:  June 6, 2024**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn